UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-81385-CIV-MARRA

ROY DIXON,

    Plaintiff,

vs.

BOARD OF COUNTY
COMMISSIONERS,
PALM BEACH COUNTY,

    Defendant.
_____/

## OPINION AND ORDER

This Cause is before the Court upon Defendant Palm Beach County's Motion for Summary Judgment (DE 26) and Plaintiff's Motion for Leave to File Second Amended Complaint (DE 34, 38). For the reasons stated below, Defendant's Motion for Summary Judgment (DE 26) is **GRANTED**, and Plaintiff's Motion for Leave to File Second Amended Complaint (DE 34, 38) is **DENIED**.

Plaintiff was employed by Defendant Palm Beach County as a park ranger, and ultimately was fired on April 20, 2011. First Am. Compl., ¶¶ 4, 25 (DE 15). Plaintiff brought this suit pursuant to 42 U.S.C. § 1983 arguing that Defendant violated his Fourteenth Amendment rights by denying Plaintiff due process at the pre-termination hearing.[1] (DE 15).

Defendant filed its Motion for Summary Judgment arguing that Plaintiff's claim is barred by *res judicata*.[2] The Court agrees.

---

[1] The First Amended Complaint also had contained two Title VII counts, which Plaintiff later withdrew. (DE 25).

[2] On September 26, 2013, Plaintiff filed a Motion Seeking Leave for an Extension of Time to File a Motion in Opposition to the Defendant's Summary Judgment Motion (DE 30). Plaintiff argued that he needed Defendant's responses to a request for production in order to file an

The Eleventh Circuit has held that,

> [a]s a general rule, *res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding. A party asserting res judicata bears the burden of showing these elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action. Only if all four of those requirements are met do we consider whether the claim in the new suit was or could have been raised in the prior action; if the answer is yes, *res judicata* applies.

*Dormescar v. U.S. Atty. Gen.*, 690 F.3d 1258, 1268 (11th Cir. 2012) (citations, quotations, and notes omitted). "In determining whether the prior and present causes of action are the same, [the court] must decide whether the actions arise 'out of the same nucleus of operative fact, or are based upon the same factual predicate.'" *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003). Further, "[r]*es judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).

Here, Plaintiff has filed numerous prior actions on the basis of his employer's actions and Plaintiff's April 20, 2011 termination. *See* 10-cv-80419-KLR, 11-cv-80448-KLR, 12-cv-80008-DMM, 12-cv-80149-KLR, 12-cv-80442-KLR, 502012CA022556XXXXMB (15th Judicial Circuit in and for Palm Beach County, Florida). The first case was resolved on the merits, but the following five cases were dismissed as being barred by *res judicata*. The courts had jurisdiction over the previous cases, a decision on the merits was reached, and the Board of County Commissioners, Palm

---

opposition to the Motion for Summary Judgment. Defendant responded that there were no outstanding discovery requests in this case, that there was one in a state case between the parties, and that Defendant was responding to that request the same day. (DE 31). Plaintiff did not file a reply. Further, on October 21, 2013 Plaintiff responded to the Motion for Summary Judgment (DE 32). Accordingly, Plaintiff's Motion Seeking Leave for an Extension of Time to File a Motion in Opposition to the Defendant's Summary Judgment Motion (DE 30) is **DENIED AS MOOT**.

Beach County, was a party to the previous actions.³  This and all previous cases were based on the same nucleus of operative facts.  Thus, any claims that were or could have raised based on the events leading to and culminating in Plaintiff's termination as a park ranger with Defendant Palm Beach County are barred by *res judicata*.

Lastly, after this case had been pending for approximately ten months and after Defendant had filed its Motion for Summary Judgment, Plaintiff filed his Motion for Leave to File a Second Amended Complaint.³  (DE 34).  Plaintiff's proposed Second Amended Complaint (DE 35) (a) removes the Board of County Commissioners from this action; (b) names Jon Van Arnam and Craig Murphy, Palm Beach County employees, as Defendants; (c) replaces the last remaining claim of violation of due process right brought pursuant to 42 U.S.C § 1983 with two new claims of discrimination and retaliation under 42 U.S.C. § 1981.

A plaintiff may amend its pleading once as a matter of course within 21 days of serving it, or within 21 days of service of the responsive pleading or of a Rule 12(b), (e), or (f) motion.  Fed. R. Civ. P. 15(a)(1).  Unless the other side agrees, in all other instances Plaintiff must seek permission from the court.  Fed. R. Civ. P. 15(a)(2).  This permission should be freely given when justice so requires.  *Id.*  However, when "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment" are present, leave

---

³Plaintiff stresses that Palm Beach County Parks and Recreation Department was named as a Defendant in some of the case instead of the Board of County Commissioners for Palm Beach County.  However, this does not save this action because Plaintiff had not disputed and the court in 10-80419 and 11-80448 found that the Parks Department, which lacked a separate legal identity, was in privity with the Board.  (DE 100 in 10-80419; DE 19 in 11-80448).

³Plaintiff later re-filed the same request as DE 38.

to amend may not be warranted.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Defendant opposes re-framing of this action at such a late stage.  Prior to the initiation of this case, Plaintiff had known all the facts and the roles played by Jon Van Arnam and Craig Murphy in the events.  *See* DE 13 in 12-80008.  Thus, nothing had prevented him from naming Jon Van Arnam and Craig Murphy as Defendants and from bringing section 1981 claims earlier. Additionally, another court has already ruled that *res judicata* barred Plaintiff's claims even when Jon Van Arnam and Craig Murphy were named as Defendants.  *Id.*  Thus, undue delay and futility make granting Plaintiff leave to amend inappropriate.

Accordingly, Defendant Palm Beach County's Motion for Summary Judgment (DE 26) is **GRANTED**, and Plaintiff's Motion for Leave to File Second Amended Complaint (DE 34, 38) is **DENIED**.  All other pending motions are **DENIED AS MOOT**.  The Clerk of Court shall **CLOSE** this case.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida this 30th day of June, 2014.

_____
KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE